**UNITED STATES v. HUMBOLDT LOVE-LOCK IRR. LIGHT & POWER CO. (PERSHING COUNTY WATER CONSERVATION DIST. OF NEVADA et al., Interveners).**

**No. H–190.**

District Court, D. Nevada.

Feb. 21, 1939.

See, also, 19 F.Supp. 489.

Roy W. Stoddard, Sp. Asst. to Atty. Gen., and Miles N. Pike, U. S. Atty., of Reno, Nev., for plaintiff.

Hawkins, Mayotte & Hawkins, of Reno, Nev., for defendant.

H. R. Cooke, of Reno, Nev., and John A. Jurgenson, of Lovelock, Nev., for interveners.

NORCROSS, District Judge.

To plaintiff's Bill of Complaint, defendant filed a pleading designated: "Answer and Counter-claim." To the latter pleading plaintiff filed a motion designated: "Motion to Dismiss Defendant's Counter-Claim."

The subject matter of the suit is water rights in the Humboldt River purchased by plaintiff from certain landowners having water rights in said river for the irrigation of certain lands in Lander County and the transfer of said rights down the course of the river for use upon lands within the Pershing County Conservation District. The water in question before reaching the Conservation District must pass head gates of certain canals used by defendant for the purpose of diverting water for temporary storage in its reservoirs. The complaint of plaintiff prays for decree requiring return of certain water allegedly unlawfully taken by defendant and for other relief. Defendant by its answer and counter-claim sets up conflicting rights in the waters of said river to rights alleged by plaintiff.

The pleading designated—"Answer and Counter-Claim"—concludes: "Wherefore, defendant, having fully answered, prays:"

Then follows seven paragraphs specifying different forms of relief to be provided for by decree, five of which are based in whole or in part upon the counter-claim. The main contention in support of the motion to dismiss relates to the sixth paragraph praying for judgment "to the extent of $10,000,—and no more" for the reasonable value of waters alleged "to have been inequitably had and received by the plaintiff." We need not now determine whether defendant could receive a money judgment against plaintiff. The mere fact, if it be a fact, that defendant by its

counter-claim is praying for a relief which it could not legally obtain a judgment for as against the plaintiff, would not warrant a dismissal of the counter-claim, where other forms of relief prayed for may not be subject to such an objection. Other forms of relief prayed for have their basis in allegations of rights to divert certain of the waters of Humboldt River for storage and later to be diverted for irrigation purposes. The rights of the respective parties as alleged, in certain particulars, are in conflict. If defendant may establish its allegations, it cannot be said as a matter of law that it is not entitled to some of the relief prayed for.

The motion to dismiss should be denied.

It is so ordered.